UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

DWAYNE LATIMORE-EL
A.K.A DWIGHT BROOKS,

                Plaintiff,

-against-

JOHN DOE (Warden), JOHN DOE (Dep. Warden);
JOHN DOE (Lieut. Of S.I.S.); JOHN DOE (S.I.S.
Officer); JOHN DOE (Lieut of S.H.U.) all of
M.D.C./BOP in 2007-2008, All in Individual
Capacity,

                Defendants.
----------------------------------------X

MEMORANDUM AND ORDER
12-cv-621 (ENV)

**VITALIANO, D. J.:**

    Plaintiff Dwayne Latimore-El (also known as Dwight Brooks) files this action *pro se*, alleging he sustained personal injury at the Metropolitan Detention Center ("MDC") in Brooklyn, during the period May 1, 2007 through March 10, 2008, and at a federal prison in Pennsylvania during the period October 2008 through April 2009. The Court liberally construes the filing as pleading an action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-80 ("FTCA"), and pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999 (1971). Plaintiff seeks $100 million in damages. Plaintiff's request to proceed *in forma pauperis* is granted and for the reasons below, plaintiff's complaint is dismissed with leave to file an amended complaint on or before June 28, 2012.

## STANDARD OF REVIEW

    *Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally, interpreting it as raising the

1

strongest arguments it suggests. See Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct 2197 (2007); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949–50 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007).

However, under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b).[1]

## DISCUSSION

### A. FTCA

Arguably, Latimore-El invokes the jurisdiction of this Court pursuant to FTCA, which provides the exclusive remedy for personal injury or loss of property resulting from the negligence

---

[1] Though plaintiff was a prisoner at the time he filed his complaint, he has since been released on March 26, 2012. Nonetheless, the strict review commanded by § 1915A applies because plaintiff was a prisoner at the time he initiated this lawsuit. In any case, even if it did not, the Court's standard of review remains, as a practical matter, unchanged because under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an in forma pauperis action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

or wrongful act or omission of any employee of the United States while acting within the scope of his office or employment, waiving the sovereign immunity of the United States for these certain classes of tort actions. 28 U.S.C. § 1346(b)(1). This waiver is limited, however, and is contingent on the claimant's having previously presented his or her claim to the appropriate federal agency and on that agency's having denied the claim. 28 U.S.C. § 2675(a) ("An action shall not be instituted . . . [u]nless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent to him by certified or registered mail."). In addition, to bring a claim in federal court, a plaintiff's administrative claim must be presented "within two years after such claim accrues." 28 U.S.C. § 2401(b).

In March 2011, plaintiff purported to comply with this requirement by filing an administrative tort claim with the Federal Bureau of Prisons ("BOP"), which denied his claim by letter dated August 22, 2011. However, this administrative claim was filed more than two years after plaintiff's alleged period of injury at MDC. Plaintiff's FTCA claims relating to MDC are jurisdictionally barred because they are untimely and are dismissed with prejudice. See Johnson v. Smithsonian Inst., 189 F.3d 180, 189 (2d Cir. 1999).

If addressed in Latimore-El's purported administrative filing with BOP, a smidgeon of the time he served at the Pennsylvania prison facility is within the FTCA limitations period. In any suit under FTCA, however, the only proper defendant is the United States. 28 U.S.C. § 2679(b)(1) ("The remedy against the United States provided by [the FTCA] . . . is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee."). Therefore, with respect to plaintiff's claim arising from the act or omission of any federal employee acting

3

within the scope of their job during his incarceration in Pennsylvania, plaintiff must first, as he has failed to do, name the United States as the sole defendant. The FTCA claim is, therefore, dismissed, but with leave to file an amended complaint naming the United States if he desires to proceed under the FTCA against the United States and only with respect to any injury occurring during plaintiff's incarceration in Pennsylvania in or after March 2009.

B. Bivens

To the extent the complaint can be read to bring a civil rights action against individual defendants pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, even if otherwise sufficiently pleaded, most claims appear to be time-barred. Plaintiff filed his complaint on February 6, 2012. In it, he alleges injuries sustained in Brooklyn between May 1, 2007 and March 10, 2008, and in Pennsylvania between October 2008 and April 2009.[2] The statute of limitations for Bivens claims is borrowed from the statute of limitations for personal injury actions under the law of New York, the state in which this federal court sits. See Owens v. Okure, 488 U.S. 235, 250-51, 109 S. Ct. 573 (1987); Dory v. Ryan, 999 F.2d 679, 681 (2d Cir. 1993); Chin v. Bowen, 833 F.2d 21, 23–24 (2d Cir. 1987). Therefore, plaintiff's Bivens claims relating to events occurring prior to August 16, 2008 are barred by the three-year statute of limitations applied under New York law.[3] Gonzalez v. Hasty, 651 F.3d 318, 321 (2d Cir. 2011) ("Federal Courts in New York apply a three-year statute of limitations period to Bivens claims."). The complaint is absolutely devoid of any facts to support a statutory exception or equitable tolling of the limitations

---

[2]The Court notes that it is questionable whether plaintiff could obtain personal jurisdiction in New York over domiciliaries of Pennsylvania for injuries incurred in Pennsylvania.

[3] The three-year limitations period is tolled for the 174 days (March 1, 2011 through August 22, 2011) during which plaintiff–a prisoner at the time–was exhausting his administrative remedies, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Gonzalez, 651 F.3d 318, 323-24.

4

period. At any rate, Bivens claims can only be stated for constitutional violations by employees or agents of the United States acting *outside* the scope of their employment. The complaint is devoid of any allegations suggesting that any wrongful act or omission of any BOP agent or employee occurred outside the scope of their employment or crossed the constitutional threshold.

### LEAVE TO AMEND

If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999). Therefore, perhaps going more than the extra mile, plaintiff is granted leave to file an amended complaint naming the United States as sole defendant in order to proceed under FTCA, but, again, only with respect to acts or omissions plaintiff can plausibly claim caused him injury while incarcerated in Pennsylvania in March and April 2009. Leave is also granted to replead Bivens claims against individual defendants (as identified to the Court in plaintiff's letter of April 2012) for acts or omissions causing him injury while incarcerated in Pennsylvania, but only to the extent such claims are not barred by the three-year statute of limitations, as described above. With respect to all other claims, repleading would be futile and is not granted.

### CONCLUSION

In line with the foregoing, the complaint is dismissed and plaintiff is granted leave to file an amended complaint provided that it is filed on or before June 28, 2012. Plaintiff is advised that any amended complaint he files must comply with this Memorandum and Order and will completely replace the original complaint. The amended complaint must be captioned, "Amended Complaint," and shall bear the same docket number as this Order. No summonses will issue at this time and all further proceedings shall be stayed until further order of this Court. If plaintiff fails to comply with this Order within the time allowed, the case shall be dismissed without prejudice. The Court

5

certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917 (1962).

**SO ORDERED.**

ERIC N. VITALIANO
United States District Judge

Dated: Brooklyn, New York
June 5, 2012